HeNry G. Smith, J.,
delivered the opinion of the Court.
McCrae recovered judgment at law against the Bank of "West Tennessee; sued out execution thereon, which was returned nulla bona; and thereupon he filed this bill in Chancery against the bank: and "Vance, alleging the foregoing facts; and further, that Vance was indebted to the bank $10,000, for shares of stock for which he had subscribed and not paid; and was not a resident of this State; and praying that the debt owing by Vance might be subjected to the payment of the judgment against the Bank; and that a writ of attachment might be had against the estate of Vance, to answer such decree • as might be obtained in the premises.
To this bill Vance put in demurrer, assigning for causes: First, that a creditor of an insolvent bank, *476 cannot Rave a bill to subject assets of tbe bank to his separate debt. Second, that a judgment creditor of a resident debtor, cannot subject by bill of this kind, to the payment of the judgment, a debt owing by a non-resident to the judgment debtor. Third, that an attachment cannot be had against the estate of Vance, whereby to seize and hold his property to answer decree in the case against him.
The demurrer is bad upon all the causes assigned.
First, The bill does not allege that the defendant, bank, is insolvent. The allegation of a nulla bona to a fieri facias, is not an allegation of insolvency; nor equivalent to such allegation in the sense of the insolvency, designated by the Act to regulate banking, of February 6th, 1860, chap. 27, as ground upon which the .bill-holders are entitled to priority of payment out of the assets of the bank, over all other of its creditors. Ordinarily, a nulla bona upon fieri facias, is proof of the insolvency of the defendant in the execution, and will suffice to establish an allegation of insolvency, in the absence of proof to the contrary. In the case, however, of a proceeding under the Bank Act, to subject the assets of a bank, on the ground of its insolvency, to the priority of its note-holders, to payment out of its assets, over all other creditors, it is essential that the fact of insolvency be positively alleged. The omission of such allegation, in such proceeding against the bank would be a. fatal defect. And so in a bill of the present kind, unless such allegation of insolvency be positively made, it is not shown that the condition of the Bank is such as will authorize a proceeding under the *477 Bank Act, and for that reason exclude a creditor from pursuing the suitable remedies to subject assets of the Bank to the payment of his demand.
Moreover, it does not appear in the present case, that there are any note-holders of the Bank, or other creditors of any kind, other than the plaintiff. The case is not, therefore, within the principle decided in the case of Marr vs. The Bank of West Tennessee: 4 Cold., 471.
Second, A non-resident debtor of a resident judgment debtor, may be subjected to the payment of the judgment debt, by bill in Chancery upon judgment against the resident debtor, and an execution returned unsatisfied. Such non-resident debtor may be brought in without personal service by publication; and upon default of appearance, a decree may go against him, and on such decree an execution of fieri faeias may issue, which may be made of any property of such defendant, that may be found.
In such case, the non-rcsidence is adequate ground for an original or auxiliary attachment, at the beginning or in the progress of the suit; and by means of such attachment, the property of the defendant may be seized and held to abide the final decree.
The objection urged by defendant’s counsel, that this is a proceeding of garnishment, and that the garnishee •process requires personal service on the garnishee, is without merit. It confounds the proceeding by bill in Chancery, against regular parties defendant, with the process of garnishment upon execution or original attachment. Service of process in cases of the latter kind, is necessarily personal on the garnishee. It is done by *478 means of notice issued by tbe officer having tbe writ, and executed upon tbe garnishee.
And likewise without merit, is the objection that Chancery has not jurisdiction, because of the remedy at law. In the first place, there is not any remedy at law, and for the-reason that personal service cannot be had upon the garnishee. And second, the remedy at law would be, if there was any, embarrassed and inadequate. At law, the answer of the garnishee is conclusive, and not disputable. In Chancery, proof may be made and relief had, against his answer. And third, to some extent the proceeding at law is in the discretion and control of the officer having the execution or attachment, and not of the plaintiff. The officer brings in such persons as garnishees as he may think proper, and not such as the plaintiff may designate. Perhaps it is the duty of the officer, to garnish the persons whom the plaintiff may designate; and if he do not, and thereby the plaintiff incur damage, it may be that the officer would be responsible. However this may be, the proceeding is not fully under the control of the plaintiff, as it may be had by bill in Chancery.
And further, whether the remedy at law be adequate or inadequate, the remedy in Chancery is given by express statute: Code sec. 4283.
The objection is not well taken, that stocks are subject to execution at law, and so an adequate remedy at law without need of the aid of Chancery. The bill does not seek to subject the stock of the defendant, Vance. It prays to subject the debt, owing by *479 him to the bank for the stock. Resides, the stock belongs to Vance, and not to the bank, and is liable to execution or attachment against Vance, but not liable to execution against the bank.
The demurrer must be overruled, and the cause remanded to the Chancery Court, for such further proceeding there as may be suitable.